IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ANTONIUS G. JOHNSON,

    Plaintiff,

v.                                                  CASE NO. 5:10cv06/RS-AK

BANK OF AMERICA/COUNTRYWIDE,
et al,

    Defendants.

_____/

**O R D E R**

Before me is Defendant Bank of America's Motion to Dismiss (Doc. 16). Plaintiff has not filed a response to the motion, but advises in a separate filing that he wishes to settle this case by a loan modification (Doc. 20). Also before me is the Consent Motion of the parties to extend the conferral deadline for scheduling and other matters until two weeks after the Court rules on the Motion to Dismiss (Doc. 19).

Plaintiff, proceeding *pro se*, paid the filing fee and served the complaint.[1] He alleges that Bank of America and Florida First violated a number of federal laws, (Truth-in-Lending, Fair Credit Reporting Act, Real Estate Settlement Procedures Act, Home Ownership Equity Protection Act, civil RICO), as well as state common law claims (fraud, breach of fiduciary duty, unjust enrichment, usury, conspiracy) concerning a mortgage loan on property located in Panama City, Florida.

The complaint filed in this cause is virtually identical to a form complaint circulating on

---

[1] According to the docket, Bank of America is the only defendant who has responded to the complaint. Summons has not been returned on any other defendant.

the internet which asserts no facts specific to Plaintiff and states no specific claims against the two defendants, who are addressed generally and collectively throughout the complaint. (Compare Doc. 7 to Doc. 16, Exhibit A).

According to Defendants, and without opposition from Plaintiffs, the underlying facts are these:

> Mr. Johnson and his wife executed a $52,169.00 mortgage loan in favor of defendant Florida First on February 28, 1994, encumbering the subject property in Panama City, Florida. (FAC at p. 6; COMP. EX. A at p. 1.) A satisfaction of this mortgage was recorded on June 21, 2004. (*Id.* at p. 25.) Another mortgage on the property, for $70,150.00, was executed April 30, 2004, by Mr. Johnson and his wife in favor of Corestar Financial Group, LLC. (*Id.* at p. 9.). This mortgage indicates the property was to be maintained as second home and was satisfied on February 11, 2008. (*Id.* at pp. 22-23, 42.). A third mortgage on the same property was given by Mr. Johnson and his wife on February 8, 2008, in favor of Countrywide Bank, FSB—BANA's predecessor by merger. (*Id.* at p. 29.) This mortgage secures a 5.5% fixed-rate loan given to Mr. Johnson by BANA in the amount of $101,800. (EX. C.) The property was to be maintained as a second home. (COMP. EX. B at pp. 40-41.) A mortgage assignment to BAC Home Loans Servicing, LP, was executed on March 3, 2010, with an effective date of February 12, 2010. (*Id.* at p. 44.) This mortgage remains unsatisfied. (Doc. 16, pp. 2-3).

According to Bank of America, it was not involved in the loan transaction between Plaintiff and Florida First in 1994, which is now satisfied (and about which claims are now time barred), and it was not involved in the procurement of the loan in 2008, although it now owns that mortgage by merger with Countrywide. Bank of America also argues that none of the facts asserted in the form complaint apply to Plaintiff's circumstances, for instance the loans at issue are not secured by Plaintiff's principal dwelling and are not adjustable rate loans, they are fixed rate loans.

As the court in the Middle District of Pennsylvania held upon addressing a virtually

identical form complaint, the complaint should be dismissed for failure to plead sufficient facts, but granted the *pro se* plaintiff leave to amend her claims. Straker v. Deutsche Bank Nat'l Trust, 2010 WL 500412 (M.D. Pa. Feb. 5, 2010). Defendant here argues that contrary to the decision in Straker, the Plaintiff in this cause should not be granted leave to amend the complaint because the claims, even if liberally construed to apply to it, are without merit. The Court finds that the facts and claims asserted in the present complaint are too general to determine the merits thereof, as they "do not permit the court to infer more than the mere possibility of misconduct...." See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (May 18, 2009) (holding that complaint offering only "formulaic recitation" of a cause of action is deficient under Rule 8, Federal Rules of Civil Procedure, and subject to dismissal). The use of a form complaint that recites inapplicable facts against an unspecified and general defendant clearly fits the definition of "formulaic." Thus, the present complaint should be dismissed. However, the Court finds that the better course in the present case is to allow Plaintiff, who is proceeding pro se and has paid the full filing fee, leave to amend under the following conditions:

1. Plaintiff must amend the complaint to assert claims specific to his circumstances.
2. Plaintiff has failed to serve any other defendant, so he may assert only such claims he has against Bank of America.
3. Plaintiff shall file the amended complaint after conferral with Defendant at the Case Management Conference during which it is suggested that the parties attempt to settle this matter.

**IT IS ORDERED:**

1. Defendant's Motion to Dismiss (Doc. 16) is **granted**. Plaintiff shall have the opportunity to amend his complaint in the manner and under the directives set forth above within ten days after the parties meet and confer.

2.  The parties' Consent Motion to Extend Time to Conduct the Case Management Conference (Doc. 19) is **granted**. The parties shall meet and confer on or before September 17, 2010, during which they shall discuss settlement of this matter.

**ORDERED** on September 2, 2010.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**