IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ANTONIUS G. JOHNSON,

    Plaintiff,

v.                                   CASE NO. 5:10-cv-00006-RS-GRJ

BANK OF AMERICA/COUNTRYWIDE,
 et al,

    Defendants.

_____/

## **REPORT & RECOMMENDATION**

This case was filed in January 2010 and since that date the Plaintiff has failed to take any action to advance this case other than his initial filing of a form complaint, a copy of which apparently had been circulating on the internet. The only Defendant who was served was Bank of America.

On September 2, 2010 the Court granted Bank of America's Motion to Dismiss the Complaint and directed Plaintiff to file an amended complaint with specific facts if he intended to continue with his claims against Bank of America. (Doc. 21.) The Court also directed the parties to conduct a case management conference by September 17, 2010 and in the event the case was not settled at the case management conference the Plaintiff was required to file his amended complaint no later than ten days after the case management conference. Id. Since September the Plaintiff has not filed any further pleadings or taken any action to advance this case despite having been given the opportunity to do so.

Because the Plaintiff failed to file his amended complaint by the September 27, 2010 deadline – or file anything on the docket since the Court granted Defendant's

Motion to Dismiss – the Court entered an Order To Show Cause on January 25, 2011 giving the Plaintiff until February 11, 2011 to show cause in writing why this cause should not be dismissed for failure to obey a Court directive and for failure to prosecute. (Doc. 24.) In the Court's Order to Show Cause the Court expressly advised Plaintiff that failure to comply with the Court's Order would result in a recommendation to the district judge that this case be dismissed. The Plaintiff has failed to respond to the Court's Order to Show Cause, failed to file the amended complaint as directed by the Court and since June 2010 the Plaintiff has not filed anything further, thus, evidencing that Plaintiff does not intend to pursue this action.

A trial court has inherent power to dismiss a case *sua sponte* for failure to prosecute. Link v. Wabash Railroad, 370 U.S. 626 (1962); Eades v. Alabama Dept. Of Human Resources, 298 Fed.Appx. 862 (11th Cir. 2008)(district court has discretion to dismiss case *sua sponte* where plaintiff has failed to comply with court orders and was on notice that such failure may result in dismissal.) Further, as provided in Rule 41(b) of the Federal Rules of Civil Procedure the Court is authorized to dismiss an action for failure to obey a court order.

In light of the foregoing, it is respectfully **RECOMMENDED** that this cause be **DISMISSED** pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

**IN CHAMBERS** in Gainesville, Florida, this 28th day of February, 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed**

**findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**